UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GENE HICKS, | ) | 1:06-CV-00716 AWI LJO HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR RECONSIDERATION |
| v. | ) | |
| | ) | [Doc. #12] |
| JUAN SALAZAR, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On June 8, 2006, Petitioner filed a petition for writ of habeas corpus in this Court along with an application to proceed in forma pauperis. Examination of the documents revealed that Petitioner could afford the costs of the action; therefore, on June 27, 2006, the undersigned issued an order denying the application and directing Petitioner to pay the five dollar filing fee. Petitioner was granted thirty days to comply. Over thirty days passed and Petitioner failed to respond to the order in any way. Therefore, on August 17, 2006, the Magistrate Judge issued a Findings and Recommendation that recommended the petition be dismissed for failure to comply with a court order. Petitioner filed objections on September 1, 2006.  In light of his objections, the Magistrate Judge provided Petitioner another opportunity to submit his filing fee; Petitioner was reminded that

failure to comply or respond would result in dismissal of the action. Once again, the time provided lapsed and Petitioner failed to respond in any manner. Over two months after the Magistrate Judge granted Petitioner another opportunity, the undersigned adopted the Findings and Recommendation and ordered the petition dismissed without prejudice for failure to comply. The Clerk of Court entered judgment on the same date.

Now, four months later on March 30, 2007, Petitioner has filed a motion for reconsideration of the Court's order dismissing the action.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,

> the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Petitioner fails to meet this standard. He submits no valid explanation for his repeated failures to comply or respond. Should Petitioner wish to pursue his claims, he must file a new petition for writ of habeas corpus. Petitioner is advised that in the future he must abide by all court orders and timely respond or his petition will again be dismissed.

Accordingly, Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:     April 27, 2007**                               **/s/ Anthony W. Ishii**
                                                            UNITED STATES DISTRICT JUDGE